**IT IS ORDERED as set forth below:**



**Date: May 30, 2019**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 18-69907-WLH |
| JAMES EDWARD COX, | CHAPTER 7 |
| Debtor. | |
| LINDA TEDDER, AS ADMINISTRATOR OF THE ESTATE OF NANCY TEDDER, | ADVERSARY PROCEEDING NO. 19-5149-WLH |
| Plaintiff, | |
| v. | |
| JAMES EDWARD COX, | |
| Defendant. | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 5) (The "Motion"), filed on April 17, 2019.

On March 15, 2019, Plaintiff initiated this adversary proceeding by filing a complaint ("Complaint") seeking a determination a debt owed by the Debtor is nondischargeable pursuant to section 523(a)(2)(A) of the Bankruptcy Code. Defendant filed the Motion in response, arguing the Court should dismiss the Complaint for failure to state a claim upon which relief may be granted under section 523(a)(2)(A) because it failed to allege Debtor did not intend to repay the debt at the time it was incurred and failed to allege facts sufficient to establish justifiable reliance on the Debtor's alleged misrepresentations.

On May 1, 2019, Plaintiff filed an amended complaint ("Amended Complaint") (Doc. No. 8), alleging additional facts and seeking a determination that her claim is nondischageable pursuant to section 523(a)(2). On May 15, 2019, Defendant answered the Amended Complaint (Doc. No. 10).

In the context of a motion to dismiss, the Court must construe all of the allegations in the complaint as true and view the assertions "in the light most favorable to the plaintiff." Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007). Under Federal Rule of Civil Procedure 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no need for "detailed factual allegations," but the complaint must provide the grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). " [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct.

1937, 173 L. Ed. 2d 868 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 678.

However, a plaintiff may amend his complaint as a matter of right within 21 days after a motion filed under Rule 12(b) is served.  *See* Fed. R. Civ. P. 15(a)(1).  Here, the Amended Complaint is timely filed.  Defendant has not filed a subsequent motion to dismiss the Amended Complaint, but rather filed an Answer to it.  "Under the Federal Rules, an amended complaint supersedes the original complaint."  Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982).  When Plaintiff filed the Amended Complaint, the previously filed Complaint "was supplanted and divested of any legal effect."  Azkour v. Haouzi, No. 11 Civ. 5780, 2012 U.S. Dist. LEXIS 81448, 2012 WL 2125951, at *2 (S.D.N.Y. June 12, 2012); *see also* Carbiener v. Lender Processing Servs., No. 3: 13-cv-970-J-39PDB, 2014 U.S. Dist. LEXIS 192259, 2014 WL 12616966, at *4 (M.D. Fla. Sept. 29, 2014).  When a defendant's motion is premised upon an original or previously filed complaint, the motion becomes moot when the plaintiff files a newly amended complaint.  *See* Mitchell v. Stubenbordt (In re Stubenbordt), 583 B.R. 800, 801-02 (Bankr. N.D. Ga. 2018).  Thus, Defendant's Motion is moot.  Accordingly,

**IT IS ORDERED** that the Motion is **DENIED AS MOOT**.

**END OF DOCUMENT**

**Distribution List**

Linda Tedder, as Administrator of the Estate of Nancy Tedder
c/o Valerie Richmond
Burr & Forman LLP
171 17th Street, NW, Suite 1100
Atlanta, GA 30363

Valerie K. Richmond
Brian J. Levy

3

Burr & Forman LLP
171 17th Street NW
Suite 1100
Atlanta, Georgia 30363

James Edward Cox
272 Chicopee Dr. NE
Marietta, GA 30060

David S. Klein
Rountree Leitman & Klein, LLC
Century Plaza I
2987 Clairmont Road, Suite 175
Atlanta, Georgia 30329